CASE No. 1139.

## STEVENSON v. WILCOX.

Pending application of a widow for administration on her intestate husband's estate, and because of her illness, a petition was filed by A. for administration *pendente lite*, and upon his appointment he filed a bond with sureties, in which he was styled administrator *pendente lite*, but the condition of the bond called for a general administration. The widow took no further steps in the matter of her application, but A. acted as general administrator, and was so recognized by creditors, distributees, ordinary and court of equity, and by the court last named was decreed to pay a balance ascertained to be in his hands. In action afterwards brought by creditors against his sureties to recover such balance, *Held*, that A. was only administrator *pendente lite*, and that a general administrator was a necessary party to this action, and there being none such in office, a non-suit was properly granted.

Before WALLACE, J., Marion, October, 1881.

Hon. J. B. Kershaw, of the Fifth Circuit, sat in the place of Mr. Justice McIver, who had been of counsel in the cause.

Action by James N. Stevenson and Mowry & Co., creditors of Samuel F. Gibson, against John Wilcox, C. D. Evans and S. A. Durham, sureties on the bond of A. L. Evans. The opinion states the case.

*Messrs. C. A. Woods* and *J. G. Blue,* for appellants.

*Messrs. W. W. Harllee* and *Townsend & McKerall,* contra.

January 20th, 1882. The opinion of the court was delivered by

KERSHAW, A. A. J. Upon the death of Samuel F. Gibson, in 1867, his widow, Constantine, applied for letters of administration on his estate. On account of ill-health she was unable to appear in the court of ordinary to complete her administration by taking the oath, giving bond, &c. Whereupon, one A. L. Evans, a stranger in blood to the intestate, applied, by petition, for administration *pendente lite,* assigning as a reason therefor the disability of Mrs. Gibson from illness; that there was a large crop planted on the farms of the estate and an insufficiency of provisions to carry on the farms, and that administration was necessary immediately to prevent serious detriment, loss of crops and other damages. Letters of administration were granted to him upon this petition, and he gave bond, with these defendants as sureties. In the bond he is termed administrator *pendente lite,* but the condition of the bond is in the same form as though he had been made the general administrator. No further steps seem to have been taken by Mrs. Gibson to complete her administration, but A. L. Evans acted in all respects as a general administrator. In 1868, he filed a bill to marshal the assets of the estate, making the widow and creditors parties thereto; obtained an order enjoining the creditors, and accounted under an order of the court therein. A

large balance was found and decreed against him. The decree was enrolled, execution issued thereon, and was returned *nulla bona.*

The plaintiffs, a portion of the creditors of Samuel F. Gibson, have brought this action against the defendants, as sureties, on the administration bond of A. L. Evans, demanding judgment for the amount of the decree against their principal, to be paid to the clerk of the court and distributed among the creditors of S. F. Gibson according to their legal priorities. The presiding judge on Circuit granted a non-suit and dismissed the complaint, holding that the action could not be maintained without administration on the estate of S. F. Gibson, "other than that granted to A. L. Evans." The appeal is from this judgment.

The Circuit judge proceeds upon the idea that the administration granted to Evans was merely provisional and special, not general; that there was no general administrator of the estate, and the action could not be maintained in the absence of such administration. If this view be correct, the judgment below must be confirmed. We agree with the Circuit judge on this point. There was a suit pending in the court of ordinary on behalf of the widow, who had a statutory right to the administration, when Evans, a stranger, applied for administration pending that suit expressly to provide for the emergency created by the illness of Mrs. Gibson and the delay in her suit resulting therefrom. The prayer of the petition was for "administration *pendente lite.*" Upon such an application a general administrator could not have been appointed because the nature of the two offices is entirely different. The one is an officer or agent of the ordinary, having no title to the goods of deceased, while the other is an officer of the law, in whom is vested the legal title to the goods and chattels, rights and credits of the intestate, representing and succeeding him in his relations to his personal property. Whatever the form of the letters, or of the bond, this administration could only have been especial and provisional—*pendente lite.* The character of it could not be changed so as to affect these sureties by the conduct of Evans, his recognition by Mrs. Gibson or the creditors, or the ordinary, or the proceedings of the court of equity ascribing to him, erroneously,

the character of a general administrator. The defendants have a right to stand upon their rights as they existed at the time of the original contract in this respect.

If Evans was not the general administrator the plaintiffs could not maintain their action, because an administrator is a necessary party to such a suit. *Kaminer* v. *Hope,* 9 *S. C.* 257; *Easterling* v. *Thompson, Rice* 350; 2 *Wms. Ex.* 1444; 2 *Dan. Ch. Pr.* 251.

In order to transmit the title to the assets of the estate of an intestate to the creditors there must be an administrator, and, hence, he is a necessary party to all suits brought to recover and to distribute or *administer* such assets. In the present case there was no one before the court who had the legal title to demand of the defendants the sum claimed to be due by them on their bond. If it had been shown that there was an administrator, the proceedings might have been so amended as to make him a party, but there being none, the non-suit was properly ordered. Appeal dismissed.

SIMPSON, C. J., and McGOWAN, A. J., concurred.